**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. WDQ-03-212** |
| | : | |
| **DIEGO AMPARO,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

**...oOo...**

**JOINT MOTION FOR ORDER CONCERNING SPEEDY TRIAL STATUS**

The United States of America, by and through its undersigned counsel, and Defendant Diego Amparo, by and through his undersigned counsel, hereby move the Court for an Order concerning the Speedy Trial Act status in this case. In support of this motion, the parties state as follows:

1. In 2003, a federal grand jury returned the Indictment in the above-referenced matter, alleging that on four separate occasions, the Defendant distributed heroin, in violation of 21 U.S.C. Section 841.

2. On June 8, 2004, the Defendant appeared before this Court for a proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure and elected not to plead guilty. This Court set a trial date.

3. In October 2011, a federal grand jury returned a new indictment against the Defendant, alleging inter alia, that the Defendant participated in a narcotics conspiracy from December 2010 to October 19, 2011. *See United States v. Garcia*, CCB-11-569.

4. From June 2004 until November 2011, the Defendant had absconded from

supervision.

5. In November 2011, the Defendant was arrested in connection with the 2011 Indictment.

6. During the time period November 2011 to the present, the United States has provided the Defendant's new counsel with discovery regarding the 2003 case.

7. During 2012, the Defendant's counsel has requested and obtained a pre-plea criminal history report in an effort to resolve this matter without the need for a trial.

8. The parties are currently exploring the possibility of a global resolution that would affect Case Nos. WDQ-03-212 and CCB-11-569. At the moment, however, certain matters still need to be resolved with regard to the 2011 Indictment and the Defendant's alleged conduct in 2011.

9. Accordingly, the Defendant and the government agree that a postponement of trial in this matter is in the interests of justice because it will permit the Defendant's attorney to review discovery in the 2011 related case and explore the possibility of a guilty plea in both cases.

10. During the time period June 1, 2012 to August 1, 2012, counsel for both parties anticipate being involved in plea negotiations and the parties submit that it is appropriate to postpone any motions and court proceedings in order to permit the parties to explore a possible resolution of this matter that would eliminate the need for a trial.

11. In light of the above information, the parties jointly agree that the interests of justice require a delay in any court proceedings.

In light of the foregoing facts, the parties respectfully request that the Court issue an order finding that the interests of justice served by excluding the time from June 1, 2012 to August 1, 2012, under the Speedy Trial Act, outweighs the Defendant's and the public's interests in a speedy trial because this delay will provide the parties with time necessary to prepare for trial and explore an alternative resolution of this matter that might eliminate the need for additional court proceedings and/or a trial. *See* 18 U.S.C. § 3161(h).

A proposed Order is attached for the Court's consideration.

Respectfully submitted,

_____/s/____________

M. Scotland Morris
20 South Charles St., Suite 702
Baltimore, MD 21201

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_______/s/____________

Harry M. Gruber
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201-2692
(410) 209-4835
(410) 962-3091 (fax)